**Joseph P. Goldberg**
Direct Dial: 646.218.7615
jgoldber@hodgsonruss.com

**HodgsonRuss** LLP
ATTORNEYS

April 5, 2022

**VIA ECF**

Honorable Vernon S. Broderick
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

Plaintiff is directed, on or before April 11, 2022, to submit a letter of no more than three (3) pages stating Plaintiff's position on the dispute outlined in Defendant's letter.

SO ORDERED:

*[signature]* 04/06/22
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

RE:  *Bruderman Asset Management, LLC v. Real Time Consultants, Inc.*
     Civil Action No. 1:20-cv-03164 (VSB)

Dear Judge Broderick:

Defendant, Real Time Consultants, Inc. ("Real Time"), writes to address an ongoing dispute concerning the terms and scope of a Protective Order.

Background

On March 30, 2022 at 5:03 p.m., plaintiff's counsel sent us an email requesting our input before submitting a joint letter to the Court concerning the parties' dispute over the terms of a proposed Protective Order (the "Dispute Letter"). On April 1, 2022, we advised that we would send our section of the Dispute Letter on Monday, April 4, 2022. Plaintiff did not respond. On Monday, we emailed plaintiff's counsel Real Time's section of the Dispute Letter and asked for confirmation that the Dispute Letter would be filed that same day without making additional changes. When no response was forthcoming, we again requested confirmation that the Dispute Letter would be filed on April 4. In response, plaintiff's counsel advised that they would not be able to "address" our request until the following day, *i.e.*, April 5, 2022. In response, we offered to file the Dispute Letter on April 4. Plaintiff's counsel advised that "you do not have our consent to file today," and stated that they needed "a chance to review the letter, disclose how to handle these issues, and respond." Given plaintiff's refusal to submit the Dispute Letter to the Court, after drafting and sending same to Real Time, we respectfully submit this letter summarizing Real Time's position on the terms of the proposed Protective Order.

Protective Order

The issues in this case are straightforward: plaintiff, a sophisticated hedge fund, made multiple wire transfers from an account belonging to one of its ex-clients, Kyrie Irving, in or about May 2018. The wire transfers were made to a Hong Kong bank account in presumed contravention of plaintiff's internal protocols and without Mr. Irving's authorization. From the outset of this case, it has been apparent that plaintiff is embarrassed by its negligence and inability to safeguard Mr. Irving's funds. The prospect of public embarrassment is not a sufficient predicate to allow plaintiff the right to erase Mr. Irving's name from this case and presumably shield this entire action from the public.

The Honorable Vernon S. Broderick
April 5, 2022
Page 2



       In an effort to reach an agreement on the terms of a Protective Order, we sent plaintiff's counsel four emails providing detailed comments and objecting to certain specific terms. On January 2, 2022, we advised plaintiff's counsel that the proposed Protective Order was overly broad and ambiguous as it allowed plaintiff to designate as "confidential" any document as long as plaintiff asserted that the designation was "necessary to protect the privacy interests of individuals or entities….." In addition, we objected to allowing either party the unfettered discretion to designate certain documents for "attorneys' eyes only" or for "attorneys' and experts' eyes only." In order to reach a compromise, we invited plaintiff's counsel to identify the particular types or categories of documents for which it sought protection. Plaintiff's counsel declined our request.

       By email dated January 12, 2022, we reiterated our objections and made clear that we had no objection to plaintiff redacting or designating as confidential documents containing social security numbers, account information or confidential settlement agreements. We also stated that we objected to allowing plaintiff to designate as confidential any and all documents produced by a third party without an independent basis for designating them as "confidential." We again invited counsel to identify the particular types or categories of documents which they sought to protect in order to advance our discussions and reach an agreement.

       When no response was forthcoming, we wrote to plaintiff's counsel on January 25, 2022 requesting a response so that the parties could move forward. Plaintiff's counsel failed to respond until February 7, 2022 when it agreed to remove the "attorneys' eyes only" provisions and otherwise refused to identify the categories of documents for which it sought protection or to narrow the definition of documents to be designated as confidential. On February 8, 2022, we again invited counsel to particularize and identify the types of documents which should be treated as confidential.

       At present, Real Time has agreed to a Protective Order which allows the parties to designate as confidential information that is required to be kept confidential by statute, regulation or common law, including: a) plaintiff's non-public financial information; b) the contents of any settlement agreements entered into by plaintiff concerning the facts alleged in the complaint; and c) personally identifiable information (PII) concerning plaintiff's ex-client, Kyrie Irving, excepting Mr. Irving's identity standing alone. Not content with these terms, more recently (and for the first time), plaintiff announced that it will not execute the Protective Order if it does not allow plaintiff to erase Mr. Irving's name from this case. In short, plaintiff wants the right to designate as confidential Mr. Irving's name (separate from his PII) and even the fact that he is plaintiff's ex-client. Plaintiff (not surprisingly) wishes to make Mr. Irving "disappear" even though: 1) plaintiff has affirmatively placed at issue its treatment of Mr. Irving's account by bringing the present lawsuit; 2) plaintiff has taken no action to protect Mr. Irving's identity since the commencement of this action; 3) Mr. Irving presumably ceased doing business with plaintiff approximately 3.5 years ago; 4) prior to the commencement of this action Real Time learned that plaintiff failed to safeguard Mr. Irving's account; 5) there is no NDA between Real Time and plaintiff; and 6) plaintiff seeks damages based upon the purported loss of Mr. Irving's business.

The Honorable Vernon S. Broderick
April 5, 2022
Page 3



      Whether a confidentiality stipulation has been entered or not, parties must have "good cause" to designate materials as confidential, or to insist upon confidential treatment of certain information. *Lazare Kaplan International, Inc. v. KBC Bank N.V.*, 2016 WL 4154274, at *5 (S.D.N.Y. Jul. 2016). In order to establish "good cause" for confidential treatment, a party must show that disclosure will result in a "clearly defined, specific and serious injury." *Id.*; *see also Fung Schwartz v. Cerner Crop.,* 2021 WL 4776461, at *1 (S.D.N.Y. Oct. 2021) (Broderick, J.) (discussing presumption of public access to documents filed in connection with litigation). Plaintiff has failed to make this showing. In fact, plaintiff has failed to set forth or articulate *any* concrete injury it will face if its former client's identity is publicly disclosed.

      It is clear that plaintiff wishes to avoid the negative publicity or embarrassment associated with transferring the funds of a former high-profile client to a fraudulent account set up in Hong Kong. But it has long been held that "good cause" cannot be established by the prospect of negative publicity or embarrassment. *Ideal Steal Supply Corp. v. Anza*, 2005 WL 1213848, at *3 (S.D.N.Y. May 2005); *Dep't of Econ Dev. v. Aruther Andersen & Co.*, 924 F. Supp. 449, 487 (S.D.N.Y. 1996) ("good cause is not established merely by the prospect of negative publicity. A party seeking to file documents under seal generally must show both that the documents are confidential and disclosure will result in a clearly defined very serious injury."). In addition, courts within this District have denied requests like plaintiff's where a party sought to conceal the identity of its current or former clients. *See, e.g., Hicks v. Lislie Feely Fine Art, LLC*, 2021 WL 3617208, at *5 (S.D.N.Y. Aug. 2021) ("the assertion, without more, that the Gallery's client base information is valuable and proprietary is insufficient to shield Doe's identity from discovery"); *NFS Financial Corp. v. JPMorgan Chase Bank*, 891 F. Supp. 2d 558, 558 (S.D.N.Y. 2012) (refusing to require defendant to redact names of clients at trial and reasoning that "by bringing the present lawsuit, [plaintiff] has affirmatively placed at issue transactions with these clients and it is therefore unreasonable to burden [defendant] with the responsibility to redact all references to [plaintiff's] clients").

      Here, plaintiff has not identified any injury it will suffer from public disclosure of its former client's identity, and it cites no legal grounds for keeping his identity confidential.

      The second point of difference arises from plaintiff's refusal to allow the use of documents designated as confidential in this action in a subsequent action arising out of the allegations in the complaint (*e.g.*, a subrogation action by an insurer) (the "Second Action"). Real Time should be entitled to use such documents in the Second Action without incurring the time and expense of issuing new document requests/subpoenas. The need to do so is especially compelling given plaintiff's current refusal to produce any of its settlement agreements even when afforded the opportunity to designate the contents of same as confidential. And, to be clear, contrary to plaintiff's assertion, we are not requesting nor suggesting that any such information would no longer be treated as confidential or would lose its "confidential designation" by virtue of its use in the Second Action.

      Given the above and the upcoming deadline for the close of fact discovery, we respectfully request that the Court enter Real Time's draft Protective Order attached hereto.

                            Respectfully submitted,

                              /s/ Joseph P. Goldberg