```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/13/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRUDERMAN ASSET MANAGEMENT, LLC :
: Civ. No. 1:20-cv-03164-VSB-SN
Plaintiff, :
:
-against- :
: STIPULATED CONFIDENTIALITY
REAL TIME CONSULTANTS, INC. : AGREEMENT AND PROTECTIVE
: ORDER
Defendant. :
-------------------------------------------------------------X

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), the Court enters the following STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER (the "Protective Order"):

1. The parties will be exchanging documents and information solely because they are parties to the above-captioned litigation and, in this regard, all documents and information exchanged between them will be used only for purposes of this litigation, including any appeal, and for no other purpose. Notwithstanding the foregoing, the parties may use any such documents and information in a future action or proceeding concerning the matters alleged in the Complaint provided that: (a) all references in this Protective Order to the above-captioned action or litigation shall be deemed to include and apply in full to any such future action or proceeding; (b) each party hereto agrees that it shall remain bound by this Protective Order in connection with any such future action or proceeding; and (c) all parties in such future action or proceeding agree to be bound by the terms of this Protective Order and to execute the Agreement to Maintain Confidentiality attached hereto as Exhibit A.

2. The parties understand that many documents and information they expect to exchange in this litigation likely will contain information that is confidential and proprietary.

3. For purposes of this Protective Order, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recordings or transcripts of oral testimony whether or not made under oath, and the content of such document, thing, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, or other confidential research, development, or commercial information as those terms are used in Rule 26(c) of the Federal Rules of Civil Procedure), plaintiff's non-public financial information, personally identifiable information concerning each of the party's current and former clients, including their identity and account information, and information that is required to be kept confidential by statute, regulation, or common law, including the contents of any settlement agreements entered into by plaintiff concerning the facts alleged in the complaint. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic discs, electronically recorded tapes of any sort, transcripts, summaries, notes, e-mails, abstracts, presentation materials, motions, drawings, manuals, responses to discovery requests (such as interrogatories and requests for production of documents) and any instrument that comprises, embodies or summarizes matter that is considered confidential. Nothing in this Protective Order or the acceptance of documents under this Protective Order waives any party's right to object to the classification of any information as confidential and to submit the issue to the Court for resolution.

4. The term "document" shall be given its customary broad meaning under the Federal Rules of Civil Procedure and, thus, includes by way of illustration, but is not limited to, the following, whether written, printed, reproduced by any process, including recordings, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: tapes; notes; analyses; computer printouts; information maintained on computer disks, flash drives,

or hard drives (including metadata and other ESI); correspondence; communications of any nature; electronic mail ("email"); text messages; websites and Internet history; telegrams; letters; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; drafts, revisions of drafts; tape recordings; records and dictation belts.

5.  The term "ESI" refers to all electronically stored information of any kind, including the originals of all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation, the following: e-mail and attachments; word processing documents; spreadsheets; graphics and presentation documents; images; text files; hard drives; databases; instant messages; transaction logs; sound recordings; text messages; websites (current and historical); all backup materials; metadata; and all drafts, alterations, modifications, changes and amendments of any of the foregoing.

6.  It is contemplated that the parties may produce certain of their files and other information and data pursuant to written discovery requests, notice, agreement and/or subpoena (files and information that contain confidential as well as non-confidential material). At the time of production, the producing party shall designate the documents, testimony, interrogatory responses, and other information disclosed that they deem to contain CONFIDENTIAL INFORMATION. Only the documents, testimony, interrogatory responses, and other information marked as **CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER** shall be subject to the Court's Protective Order. Documents, testimony, interrogatory responses, and other information

that are inadvertently disclosed without being designated confidential may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential and the receiving party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

7.     Except as set forth in Paragraph 1, above, upon the execution of this Protective Order, CONFIDENTIAL INFORMATION shall be used only for purposes of this litigation (not in or for any other administrative, judicial, legislative, or other proceeding) and shall not be disclosed, given, shown, disseminated, discussed, or otherwise divulged or communicated to any person, except in accordance with this Protective Order.  CONFIDENTIAL INFORMATION shall not be disclosed, given, shown, disseminated, discussed or otherwise divulged or communicated to any person other than:  (i) counsel to a party, including paralegals, secretaries and support personnel working for that attorney on this litigation; (ii) a party to the litigation; (iii) experts retained by or on behalf of the party, provided that such expert agrees to abide by the terms of this Protective Order, as evidenced by his or her signature on the form annexed hereto as Exhibit A; (iv) judges, court reporters and employees of the Court who are participating in the hearing of this action; and (v) witnesses who are expected to testify during discovery or trial and any potential witnesses to the extent such information is necessary to conduct an interview, prepare the witness for testimony or question the witness, provided that such witnesses or potential witnesses who are not employees of a party to this litigation agree to abide by the terms of this Protective Order, as evidenced by his or her signature on the form attached hereto as Exhibit A.  Notwithstanding the foregoing, no CONFIDENTIAL INFORMATION produced by a party in this case shall be

disclosed to any of that party's competitors or any representatives of that party's competitors, unless the Court expressly rules or the parties agree otherwise.

      8.      Whenever a deposition or court proceeding involves the disclosure of one party's CONFIDENTIAL INFORMATION to the other party, the following procedure will apply:

      (a)      The court reporter will be directed to bind those portions of the transcript, including exhibits (or, where practical, the entire transcript), containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

      (b)      The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.**

All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated, except as permitted by Paragraph 6.

      9.      Documents or information labeled or designated as confidential shall be treated as such between the parties throughout the course of discovery. Any party or third-party that seeks to file any document containing CONFIDENTIAL INFORMATION (each a "filing party") in the above-captioned action shall give each party or third-party that designated, or joined in designating, the CONFIDENTIAL INFORMATION (each a "designating party"), a reasonable opportunity to seek the filing of the document under seal or with redactions in accordance with, and all such parties shall adhere to, the procedures set forth in the Individual Practices in Civil Cases of Judge Sarah Netburn, in connection with any matters or proceedings before Judge Sarah

Netburn pursuant to the Court's Order of Reference (Dkt. No. 50), or, in the alternative, the Individual Rules & Practices in Civil Cases of Judge Vernon S. Broderick in connection with all other matters or proceedings before Judge Broderick. To the extent permitted by Paragraph 1, above, any party or third-party to any other action or proceeding that seeks to file a document containing CONFIDENTIAL INFORMATION, shall give each designating party a reasonable opportunity to seek the filing of the document under seal or with redactions in accordance with, and all such parties shall adhere to, the procedures set forth in the presiding judge's rules, and shall afford each designating party, and each designating party shall have, all of the same rights to notice and an opportunity to protect the CONFIDENTIAL INFORMATION under the presiding judge's rules as if such designating party was a party to the other action or proceeding. For the sake of clarity, in each case, any party or third-party that seeks to file a document containing CONFIDENTIAL INFORMATION shall meet-and-confer with each designating party and shall provide each designating party with a reasonable opportunity to protect its CONFIDENTIAL INFORMATION.

10. Consistent with Paragraph 3 above, parties may also designate as CONFIDENTIAL INFORMATION, information produced by a third party and, upon such designation, such information shall be thereafter treated in accordance with the provisions of this Protective Order.

11. If a party, including its counsel or experts, is served with a subpoena, demand or request for production of CONFIDENTIAL INFORMATION from a court, administrative, legislative, or other governmental body, or from other persons purporting to have authority to subpoena, demand, or request the production of such CONFIDENTIAL INFORMATION, the recipient shall give reasonable written notice of the subpoena, demand, or request (including

delivery of a copy of the same) to the attorneys for the party who produced or disclosed the CONFIDENTIAL INFORMATION. In the event that a subpoena, demand, or request purports to require production of CONFIDENTIAL INFORMATION on less than ten (10) days' notice, the party to whom the subpoena, demand, or request is directed also shall give reasonable telephonic notice of the receipt of such subpoena, demand, or request to the attorneys for the party who produced or disclosed the CONFIDENTIAL INFORMATION. If the party who produced or disclosed the CONFIDENTIAL INFORMATION objects to the production of such CONFIDENTIAL INFORMATION in response to the subpoena, demand, or request, the party who received the subpoena, demand, or request shall not disclose the CONFIDENTIAL INFORMATION until the matter is resolved, provided that the objecting party affirmatively acts to quash or modify the subpoena, demand, or request, unless disclosure is required by law or court order. Any person not listed in Section 7 above who is entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

12. The designation of information as confidential shall constitute a certification that the party seeking confidentiality believes in good faith that the information is confidential or proprietary information that is not in the public domain, or that good cause exists under applicable law to restrict access to the information. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Protective Order shall not be construed as a waiver of the confidentiality of the information.

13. If a party believes that information has been improperly designated as confidential and seeks to challenge the designation, the party shall first confer with the party that designated the information as confidential to try to resolve the dispute without Court intervention. If it is not possible to resolve the dispute, the parties shall place the matter before the Court in a manner

consistent with the Court's scheduling orders and the Court's Individual Rules & Practices; however, the burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION shall rest on the designating party.

14. CONFIDENTIAL INFORMATION disclosed under this Protective Order may be copied only to the extent necessary to permit its use in accordance with the terms of this Protective Order. Within thirty (30) days of the conclusion of this action (including appeals, if any), (a) all hard copies of CONFIDENTIAL INFORMATION and documents containing CONFIDENTIAL INFORMATION (in any and all formats) in the possession of any person who has received such documents pursuant to this Protective Order shall be returned to counsel for the party producing it at the producing party's expense, together with all copies thereof, or such hard copy documents shall be destroyed if not returned, and (b) all electronic copies of CONFIDENTIAL INFORMATION and documents containing CONFIDENTIAL INFORMATION (in any and all formats) in the possession of any person who has received such documents pursuant to this Protective Order shall be deleted/destroyed and, to the extent that such electronic documents/information may be retrieved, restored, or otherwise accessed by forensic or other consultants, the party deleting/destroying such electronic documents/information shall not directly or indirectly retrieve, restore, or otherwise access such deleted/destroyed electronic documents/information, whether with the assistance of a consultant or otherwise. Upon completion, the party undertaking to return/destroy/delete CONFIDENTIAL INFORMATION and documents containing CONFIDENTIAL INFORMATION also shall send a written certification to the party seeking the return/destruction/deletion of such information/documents that the requirements of this Section have been complied with and that it will comply with any future obligations imposed by this Protective Order. Notwithstanding the foregoing, the parties'

counsel shall each be permitted to retain possession of one complete set of documents in his/her file, provided that any material designated as CONFIDENTIAL INFORMATION pursuant to this Protective Order shall thereafter be treated in a manner consistent with the requirements of this Protective Order.

15. Nothing in this Protective Order precludes either party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

16. Each person designated in Section 7, by receiving and reading a copy of the Protective Order entered by the Court, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Protective Order is breached.

17. Notwithstanding any delay in the Court's entry of this Protective Order, the parties shall treat this Order as, and it shall be deemed, effective upon its execution by counsel for each party.

18. This Court shall retain jurisdiction to enforce this Protective Order and to address all matters arising under or in connection with this Protective Order and all parties hereto agree to submit to the jurisdiction of this Court for any such matters.

[SIGNATURES APPEAR ON NEXT PAGE]

| | |
|---|---|
| SCHOEMAN UPDIKE KAUFMAN & GERBER LLP | HODGSON RUSS LLP |

By: _____
Nathan A. Goldberg
551 Fifth Avenue, 12th Floor
New York, New York 10176
(212) 661-5030
ngoldberg@schoeman.com

and

 S/Stephen B. Stern
Stephen B. Stern, *Pro Hac Vice*
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Telephone:   (410) 216-7900
Facsimile:   (410) 705-0836
Email:   stern@kaganstern.com

*Attorneys for Plaintiff*
*Bruderman Asset Management, LLC*

By: S/Joseph P. Goldberg
Joseph P. Goldberg
Carmine J. Castellano
605 Third Avenue, Suite 2300
New York, New York 10158
jgoldber@hodgsonruss.com
ccastell@hodgsonruss.com

*Attorneys for Defendant*
*Real Time Consultants, Inc.*

---

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: May 13, 2022
       New York, New York